PER CURIAM.
The appellant, Morton Sills, for use and benefit of his insurer, Reliance Insurance Company, filed this action against Underwood Marine Corporation and Boston Old Colony Insurance Company (Old Colony).
By an amended complaint it was alleged that plaintiff purchased a vessel from Underwood and obtained a policy from Reliance Insurance Company insuring against loss of the vessel; that following loss thereof Reliance had paid plaintiff and was sub-rogated; that Underwood was insured by Old Colony; that while the vessel was in custody of Underwood for correction of deficiencies in painting and equipment it was stolen from Underwood’s marina. In separate counts the plaintiff sought damages for breach of contract, and for negligence proximately causing the loss of the vessel.
The defendant, Old Colony, moved for summary judgment on the ground it was not liable for the loss of the vessel, based on certain exclusionary provisions in its policy, including the following:
“8 PERILS EXCLUDED: This policy does not insure against loss or damage caused by or resulting from: . Misappropriation, secretion, conversion, infidelity or any dishonest act on the part of the Assured or his or their employees or others to whom the property may be entrusted (carriers for hire excepted) whether or not such act or acts occurred during the regular hours of employment
The loss of the vessel was occasioned by theft, accomplished by an official and an employee of Underwood acting in concert with certain other persons not agents or employees of Underwood.
The court granted the summary judgment in favor of Old Colony by the following judgment, from which plaintiff appealed, viz.:
“The court finds that there is no coverage under the policy of insurance between Boston Old Colony Insurance Company and Underwood Marine for the alleged theft of the 34-foot Tradewinds Cruiser as set forth in the complaint. Accordingly, the court partially grants defendant Boston Old Colony Insurance Company’s motion for summary judgment on the grounds that there is no coverage.
“The court will grant, however, plaintiff’s ore tenus motion to amend its responses to affirmative defenses to include waiver by the insurance company of its right to deny coverage and reserves ruling as to whether the insurance company’s right to deny coverage was waived.”
We find to be without merit the argument of the appellant that the above policy exclusion is not applicable because the theft of the vessel was by and pursuant to a conspiracy in which persons unconnected with Underwood were involved. The evidence showed employees of Underwood were involved in and took part in the theft of the vessel. We hold no reversible error has been shown.
Affirmed.